Raymond J. McMahon
Bar No.: 169001
Sheila C. Mahmoudi
Bar No.: 189775
SCHAFER McMAHON, LLP
5440 Trabuco Road
Irvine, California 92620
(949) 727-7077
rmcmahon@sm-lawyers.com
smahmoudi@sm-lawyers.com

Attorneys for Defendants Garen Derhartunian, M.D.
Devinder S. Gandhi, M.D., and Concord Hospitalist Group

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. SATISH DESHPANDE, M.D.

Plaintiffs,

vs.

CONCORD HOSPITALIST GROUP, VERDUGO HILLS HOSPITAL, AND DR. DEVINDER S. GANDHI, DR. GAREN DERHARTUNIAN, AND DR. DAVID A. TASHMAN, in their individual capacities;

Defendants.

CASE NO. 2:25-cv-11277-MWC-(BFMx)
[Assigned for All Purposes to:
Hon. , Dept. ]

Action Filed: November 20, 2025
Trial Date: None Set

**DEFENDANTS CONCORD HOSPITALIST GROUP, DR GANDHI AND DR DERHARTUNIAN'S ANSWER TO RELATOR'S FIRST AMENDED COMPLAINT (AS LIMITED BY THE COURT'S AUGUST 5, 2026 ORDER)**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants CONCORD HOSPITALIST GROUP ("Concord"), DEVINDER S. GANDHI, M.D. ("Dr. Gandhi"), and GAREN DERHARTUNIAN, M.D. ("Dr. Derhartunian") (collectively, "Answering Defendants"), by and through counsel, answer the First Amended Complaint ("FAC") of Plaintiff-Relator SATISH DESHPANDE, M.D.

("Relator") (the "FAC") as limited by the Court's August 5, 2026 Order (Dkt. 67), as follows. Except as expressly admitted herein, Answering Defendants deny each and every allegation of the FAC.

**I. GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Answering Defendants deny each and every allegation of the FAC, including each and every allegation incorporated by reference, except as expressly admitted herein.

Answering Defendants further state that any allegations in the FAC that purport to characterize documents, contracts, records, policies, pleadings, statutes, regulations, or other writings speak for themselves, and Answering Defendants deny any characterization inconsistent with the plain language of such documents, to the extent any are properly subject to judicial notice or are otherwise accurately quoted.

**II. RESPONSES TO SPECIFIC ALLEGATIONS (LIMITED SCOPE)**

The Court's August 5, 2026 Order dismissed the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth, and Twelfth Causes of Action, with leave to amend, and denied the motion to dismiss as to Relator's Fifth and Eleventh Causes of Action against Answering Defendants. Accordingly, Answering Defendants respond below to the extent allegations are relevant to the surviving causes of action and/or to the extent a response is required.

**A. Introductory Allegations / Nature of Action**

1–4. Answering Defendants admit only that the FAC purports to assert claims under, inter alia, the federal False Claims Act and certain California statutes, and that Relator demands a jury trial. Answering Defendants deny that Relator is entitled to any relief under any theory and deny all remaining allegations in these paragraphs.

**B. Jurisdiction and Venue; Parties**

5–19. Answering Defendants admit that this action is pending in the United States District Court for the Central District of California and bears the case number reflected in the caption. Answering Defendants admit that Relator identifies himself as a physician

who previously provided hospitalist services at Verdugo Hills Hospital pursuant to an independent contractor relationship with Concord. Except as expressly admitted, Answering Defendants deny the remaining allegations in these paragraphs, including all allegations of jurisdiction, venue, or propriety of this action beyond the Court's subject-matter jurisdiction and the applicable venue statutes.

20–28 (Parties). Answering Defendants admit that Concord Hospitalist Group is a physician-owned group that previously provided hospitalist services at Verdugo Hills Hospital. Answering Defendants admit that Dr. Gandhi and Dr. Derhartunian are physicians and are associated with Concord. Except as expressly admitted, Answering Defendants deny the remaining allegations in these paragraphs, including all allegations of unlawful conduct, control, direction, intent, motive, or knowledge of any improper scheme.

**C. Statutory and Regulatory Background; Factual Background**

29–51 (Statutory and Regulatory Background). These paragraphs consist primarily of legal characterizations, statutory quotations, and conclusions of law to which no response is required. To the extent a response is deemed required, Answering Defendants deny that they violated any statute or regulation referenced therein and deny any characterization inconsistent with applicable law.

52–189 (Factual Allegations). Answering Defendants deny each and every allegation in these paragraphs. Without limiting the generality of the foregoing, Answering Defendants specifically deny:

that Answering Defendants engaged in any unlawful conduct;

that any admissions were medically unnecessary or unreasonable;

that any diagnoses were false or fabricated;

that any compensation arrangement constituted a kickback, remuneration for referrals, or a violation of the Anti-Kickback Statute or Stark Law;

that any volume-based or threshold-based payments were illegal or improper;

that free meals or any other benefits constituted improper remuneration;

that Relator was directed to admit patients regardless of medical necessity;

that Relator was placed on a performance improvement plan or terminated in retaliation for protected activity; and

that any claim submitted to any government or commercial payor was false or fraudulent.

Answering Defendants lack sufficient information to admit or deny Relator's subjective characterizations of patient presentations and medical decision-making and, on that basis, deny them.

**D. Causes of Action (As Limited by the Court's August 5, 2026 Order)**

190–244 (Causes of Action). Answering Defendants deny each and every allegation in the FAC's Fifth and Eleventh Causes of Action (the surviving causes of action as to Answering Defendants) and deny that Relator is entitled to any relief under either cause of action.

To the extent the FAC's allegations in paragraphs 190–244 purport to assert claims against Answering Defendants other than the Fifth and Eleventh Causes of Action, Answering Defendants deny such allegations and further state that those causes of action have been dismissed with leave to amend pursuant to the Court's August 5, 2026 Order.

**E. Prayer for Relief**

Answering Defendants deny that Relator is entitled to any relief requested in the FAC, including but not limited to any damages (including treble damages), civil penalties, injunctive relief, attorneys' fees, costs, expenses, or any relator share.

**III. AFFIRMATIVE DEFENSES (AS TO THE SURVIVING FIFTH AND ELEVENTH CAUSES OF ACTION)**

Without assuming any burden of proof that would otherwise rest with Relator, and without admitting any allegation of the FAC, Answering Defendants assert the following affirmative defenses. Answering Defendants reserve the right to amend these defenses and to assert additional defenses as discovery and investigation continue.

1. Failure to State a Claim

The FAC fails to state a claim upon which relief can be granted against Answering Defendants.

2. No Protected Activity

Relator did not engage in activity protected by the applicable retaliation statutes.

3. No Employer Knowledge

Answering Defendants did not have the requisite knowledge of any purported protected activity.

4. No Causation

Relator cannot establish that any alleged protected activity was a contributing factor, motivating factor, or but-for cause of any alleged adverse action, as required.

5. Legitimate, Non-Retaliatory Reasons

Any actions affecting Relator were based on legitimate, non-retaliatory reasons, including but not limited to performance, operational, contractual, staffing, scheduling, and/or business considerations.

6. No Adverse Employment Action / No Compensable Harm

Relator cannot establish any actionable adverse action and/or cannot establish compensable damages caused by Answering Defendants.

7. Failure to Mitigate

Any damages alleged by Relator are barred or reduced by Relator's failure to mitigate.

8. Statute of Limitations

One or more claims are barred, in whole or in part, by the applicable statutes of limitation.

9. Offset / Setoff

Any recovery, if any, is subject to offset and setoff for amounts not attributable to Answering Defendants and/or amounts already paid or otherwise accounted for.

10. No Entitlement to Penalties / Limitations on Remedies

Relator is not entitled to civil penalties or enhanced damages against Answering Defendants, and any remedies are limited by applicable law.

11. Reservation of Defenses

Answering Defendants reserve the right to assert additional defenses as they become known through discovery, investigation, or further proceedings.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Answering Defendants pray for judgment as follows:

1. That Relator take nothing by way of the FAC as against Answering Defendants;
2. That the surviving claims against Answering Defendants be dismissed with prejudice;
3. That Answering Defendants recover their costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

DATED: August 18, 2026 SCHAFER McMAHON, LLP

By ______________________

Raymond J. McMahon
Sheila C. Mahmoudi
Attorneys for Defendant
Garen Derhartunian, M.D.
Devinder S. Gandhi, M.D.,
and Concord Hospitalist Group

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 5440 Trabuco Road, Irvine, CA 92620.

On August 18, 2026, I served true copies of the following document(s) described as **DEFENDANTS CONCORD HOSPITALIST GROUP, DR GANDHI AND DR DERHARTUNIAN'S ANSWER TO RELATOR'S FIRST AMENDED COMPLAINT (AS LIMITED BY THE COURT'S AUGUST 5, 2026 ORDER)** on the interested parties in this action as follows:

- **SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC TRANSMISSION:** from emarcelo@sm-lawyers.com pzavala@sm-lawyers.com or asampson@sm-lawyers.com. By emailing the document(s) to the persons at the e-mail address(es) listed below pursuant to FRCP 5(b)(2)(E). Hard copies will be provided upon request.

X **BY ELECTRONIC SERVICE:** Through the CM/ECF Systems which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List, which constitutes service pursuant to FRCP 5(b)(3).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 18, 2026, at Irvine, California.

Eduardo Marcelo